IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| JOSEPH PORTER, | CV 16-128-M-DLC-JCL |
| --- | --- |
| Plaintiff, | |
| vs. | ORDER, and FINDINGS AND RECOMMENDATION |
| [UNIDENTIFIED DEFENDANT], | |
| Defendant. | |

**I.** **Introduction**

Plaintiff Joseph Porter, proceeding pro se, filed a Motion to Proceed In Forma Pauperis. Porter submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Porter's Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Porter's lodged pleading as of the filing date of her request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (I) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Porter's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.     Plaintiff's Allegations

Plaintiff Joseph Porter filed a pleading requesting the Court order the release of confidential criminal justice information. Specifically, he identifies a police report, and 911 calls he and another person made on April 9, 2016. Porter's

petition – a pre-printed form document used for filing in the courts of the State of Montana – cites to Mont. Code Ann. § 44-5-303(6) as the legal authority for his request for release of the information. Porter does not name a defendant in this action, he cites to no other legal authority for his requested relief, and he advances no other legal claim for relief.

## III. Discussion

Because Porter is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

For the reasons discussed, the Court concludes Porter's pleading is subject to dismissal as this Court does not have jurisdiction over his claims.

In federal court, a plaintiff's pleading must set forth sufficient allegations to

invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).[1]

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Absent jurisdiction, a case is subject to dismissal. Fed. R. Civ. P. 12(h)(3).

Furthermore, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And a district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship (28 U.S.C. § 1332), a federal question (28 U.S.C. § 1331), or cases in which the United States is a party (28 U.S.C. §§ 1345 and 1346). Sections 1345 and 1346 are not applicable in this case because the United States is not a party to this action.

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal question jurisdiction requires that a plaintiff's civil action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As pled, Porter's pleading fails to set forth any basis for federal question jurisdiction under 28 U.S.C. § 1331. His pleading does not expressly plead any cause of action arising under any specific provision of the United States Constitution, or the laws or treaties of the United States. Instead, Porter cites only to a provision of Montana law permitting an individual to commence an action for the release of confidential criminal justice information. Mont. Code Ann. § 44-5-303(6). Absent federal question jurisdiction, that action cannot be filed in a United States District Court.

Alternatively, the district courts have jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000[,]" and the civil action is between citizens of different States. 28 U.S.C. § 1332(a); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Diversity jurisdiction requires complete diversity of citizenship between the plaintiffs and each defendant. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)). The plaintiff must be a citizen of a different state than each of the defendants, and those facts must be affirmatively pled in the complaint.

5

*Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

Here, Porter does not identify his state citizenship. And he neither identifies a named defendant, nor the citizenship of any potential defendant. Therefore, Porter's allegations do not affirmatively establish diversity of citizenship exists in this case.

Based on the foregoing, Porter has failed to plead any factual basis for, or legal claims on which, this Court's jurisdiction can be founded. Furthermore, under the circumstances of the factual allegations pled – a case involving a request for release of state criminal justice information – the Court finds Porter could not cure the jurisdictional defects in his pleading through the addition of further facts or claims. Therefore, IT IS HEREBY RECOMMENDED that this action be DISMISSED for lack of jurisdiction.

DATED this 30th day of September, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge